```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


JAMES HENRY LEWIS, JR.,

                        Plaintiff,

           v.                              CASE NO.  08-3037-SAC

DAVE ZOELLNER,
et al.,

                        Defendants.
```

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Leavenworth County Jail, Leavenworth, Kansas.  Named as defendants are Dave Zoellner, "Executive Sheriff," Wade Schmidt, "Jail Administrator," and Dr. Scott Bowlin.  Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).

As the factual basis for his complaint, plaintiff alleges that upon his arrival at the jail on May 22, 2007, and for "several weeks" thereafter he requested medical treatment for constipation, abdominal pain, and back pain.  He alleges he was examined by defendant Dr. Bowlin who detected a hemorrhoid and treated his conditions with hemorrhoid ointment, ducolex, and milk of magnesia. He continued to complain and Dr. Bowlin doubled the prescriptions. After he obtained past medical records, he was prescribed a lemony calcium nitrate laxative, which helped for a time.  He again complained and was examined by a nurse and diagnosed with IBS (Irritable Bowel Syndrome).  He continued to complain and was placed under observation, administrative investigations were done, and he received a different prescription of Dyclomine.  X-rays were taken, which were negative.  He obtained some relief, but several months

later in October 2007, he presented with pain, and blood in his stool and sputum.  He received numerous rectal examinations and eventually refused one.  He was given prednisone and Tylenol.  In late October, 2007, He had chest, head and neck pain, and received Dycodine, Zantax and Ducolex from Dr. Bowlin.  Plaintiff alleges that he continues to have chest pains, can hardly raise his right arm, and was placed on the doctor's list for December 31, 2007, but Dr. Bowlin did not show.  Plaintiff also mentions "deterioration of spine possibly," inability to stand for long time, uncontrollable saliva, nerves, shaking, biting of tongue, chattering of jaw muscles, and weakness of limbs as well as constant urination and pain.

Plaintiff seeks money damages for medical negligence, intentional improper conduct by Dr. Bowlin done in alleged hope of receiving annual bonuses, failure to use prior medical procedures from plaintiff's medical records, mental anguish, pain and suffering.

**PART FILING FEE REQUIRED**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the

average monthly deposit to plaintiff's account over the past six months has been $14.16, and the average monthly balance is not provided. The court therefore assesses an initial partial filing fee of $2.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[1]. Plaintiff will be given time to submit this initial partial filing fee to the court and must do so before this action may proceed further.

**SCREENING**

Because Mr. Lewis is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state sufficient facts to support a claim of denial of medical care amounting to a federal constitutional violation.

Plaintiff claims medical malpractice and negligence. While such claims may support a cause of action in state court[2], they do not support a cause of action under 42 U.S.C. § 1983, which must be

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

[2] Plaintiff is cautioned that his allegations may eventually be determined by this court to support, at most, a claim for medical malpractice and not a federal constitutional violation. In that event, his remedy would be in state, not federal, court; and he would be well advised to diligently pursue any remedies in state court. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

3

based upon a violation of the United States Constitution.

The United States Supreme Court has held that an inmate advancing a federal constitutional claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." Id., *quoting* Wilson v. Seiter, 501 U.S. 294, 297 (1991). More specifically, a prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. 511 U.S. at 837. Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. A simple difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a negligence malpractice claim. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); El'Amin v. Pearce, 750 F.2d 829

4

(10th Cir. 1984); Jones v. McCracken, 562 F.2d 22 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim). Likewise, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).

As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Estelle, 429 U.S. at 105-106 (footnote omitted). The Tenth Circuit Court of Appeals has stated that a claim of total denial of medical care differs from a claim of inadequacy of medical care, and a court need not decide whether a denial of medical care claim is sufficient under § 1983 where the allegations of the complaint show medical care has been furnished to the complaining prisoner. Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968). The prisoner's right is to medical care--not to the type or scope of medical care which he personally desires. Plaintiff will be given time show cause why this action should not be dismissed for failure to state facts which support a claim of a federal constitutional violation.

Moreover, plaintiff does not allege any personal participation in the alleged denial of medical care by either defendant Zoellner

5

or defendant Schmidt. These two defendants may not be held liable for money damages under Section 1983 based solely upon their supervisory capacity. Unless plaintiff alleges additional facts describing acts taken by these two defendants they may be dismissed from this action.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 2.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 8th day of February, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge