```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JAMES HENRY LEWIS, JR.,**

           **Plaintiff,**

           v.                          CASE NO.  08-3037-SAC

**DAVE ZOELLNER,**
**et al.,**

           **Defendants.**

## O R D E R

On February 8, 2008, this court entered an Order assessing an initial partial filing fee to be paid by plaintiff herein, and requiring that plaintiff show cause why this action should not be dismissed for reasons stated in that Order.  Plaintiff has since paid the partial fee, and the court shall therefore grant his motion for leave to proceed in forma pauperis (Doc. 2).  Plaintiff also filed a Response (Doc. 6) to the court's Order.  Having considered plaintiff's Response, the court finds this action should be dismissed for the reasons stated herein and in its Order dated February 8, 2008.

As noted in the court's prior Order, plaintiff describes numerous medical symptoms he has suffered from while in prison, and seeks money damages for medical negligence, "intentional improper conduct" by Dr. Bowlin, mental anguish, pain and suffering.  He was informed that his allegations might support a cause of action for negligent malpractice in state court, but do not support a claim in

federal court of cruel and unusual punishment under 42 U.S.C. § 1983. The court noted that plaintiff had been provided, rather than denied, medical treatment and appeared to simply disagreed with the medication and care provided. Plaintiff was clearly advised that a "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

Plaintiff's Response to the court's Order is little more than a few exhibits of medical records that show not only that he complained of some symptoms, but also that he received treatment for his maladies. As plaintiff was previously advised, a simple difference of opinion between him and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a claim for negligence or malpractice. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992). As the United States Supreme Court held, "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-106 (footnote omitted). The prisoner's right is to medical care--not to the type or scope of medical care which he personally desires. Medical malpractice claims are state court actions.

The court concludes that plaintiff has not shown good cause why this action should not be dismissed for failure to state facts in support of a claim of federal constitutional violation.

Moreover, the court notes that plaintiff has not alleged any additional facts to show personal participation by either defendant Zoellner or defendant Schmidt in any denial of medical care. Accordingly, the court finds that no claim is stated against these defendants.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that this action is dismissed for failure to state facts in support of a federal constitutional claim.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge